UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES WRIGHT, et al.,

        Plaintiffs,

                                  Case No. 24-cv-12302
v.                                HON. MARK A. GOLDSMITH

TIFFANY DELUCA, et al.,

        Defendants.
_____/

**<u>OPINION & ORDER (1) ADOPTING REPORT AND RECOMMENDATION (Dkt. 45),
(2) OVERRULING IN PART PLAINTIFF'S OBJECTION (Dkt. 48), AND (3)
GRANTING DEFENDANTS TIFFANY DELUCA, JORGE LABRON, AND CARMEN
MCINTYRE'S MOTION TO SEVER (Dkt. 34)</u>**

This matter is presently before the Court on Magistrate Judge David R. Grand's Report and Recommendation (R&R) recommending that the Court grant the motion to sever filed by Defendants Tiffany Deluca, Jorge Labron, and Carmen McIntyre (MDOC Defendants).  R. & R. at PageID.450 (Dkt. 45).  Plaintiff Philip Berryman filed an objection (Dkt. 48).[1]  The Court reviews de novo those portions of the R&R to which a specific objection has been made.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

For the reasons set forth below, the Court (i) adopts the recommendation in the R&R in its entirety, (ii) overrules in part Berryman's objection, and (iii) grants the motion to sever.

### I.   BACKGROUND

The full relevant factual background is set forth in the R&R.  R. & R. at PageID.450–451. Plaintiffs James Wright and Philip Berryman brought suit under 42 U.S.C. § 1983 alleging First,

---

[1] The briefing also includes the MDOC defendants' motion to sever (Dkt. 34), Plaintiffs' responses (Dkts. 37, 38) and the MDOC defendants' reply (Dkt. 39).

Eighth, and Fourteenth Amendment violations against medical and correctional staff at the Macomb County Facility related to two incidents that they alleged occurred. See Compl. (Dkt. 1). The MDOC defendants moved to sever these claims arguing that they were improperly joined under Fed. R. Civ. P. 20(a)(1). Mot. at PageID.301–303. The R&R recommended granting the motion. R. & R. at PageID.452–455. It found that Plaintiffs failed to satisfy either prong of Fed. R. Civ. P. 20(a)(1), which governs permissive joinder, as they did not show that the incidents arose from the same transaction or occurrence nor did they show that the claims raised common questions of law and fact. Id. The R&R also found that the parties are not required to be joined under F. R. Civ. P. 19 because neither party is required for the other's claim. Id. at PageID.456. Accordingly, the R&R recommended that Wright, as the first named plaintiff in this case, should move forward as the sole plaintiff and Berryman's claims should be severed. Id. Berryman must commence a new action to litigate his claims. Id.

Berryman made one objection. Obj. at PageID.467–468. It is partially correct and partially wrong.

## II.    ANALYSIS

Berryman does not object to the R&R's recommendation that his claims and Wright's claims should be severed. See Obj. Rather, Berryman objects to the R&R's recommended remedy. Id. at PageID.467–468. He argues that instead of "severed" the language in the order should instead be "stricken." Id. at PageID.467. He asserts that severance of his claims is "prejudicial to him as a pro se litigant-for [sic] financial reasons." Id. He asks that instead of severing his claims that the Court should strike his claims, "without making him suffer a [s]trike" under the Prison Litigation Reform Act (PLRA) and allow him to correct the improper joinder by amending his complaint or allowing him to commence a new action without a strike issued

against him.  Id. at PageID.468.  Additionally, he asks for the Court to order that his portion of the filing fee be remitted to him so that he may use it to commence a separate action.  Id.

Federal Rule of Civil Procedure 21 governs misjoinder of parties.  The rule provides two options for curing misjoinder: (i) "add[ing] or drop[ing] a party" "on just terms" or (ii) "sever[ing] any claim against a party."  Id.

The Court overrules Berryman's objection that his claims be "stricken" instead of "severed" as Rule 21 does not allow for claims to be "stricken."  Nor has Berryman explained under what authority this Court may and should declare that his filing does not constitute a "strike" under the PLRA.

The appropriate remedy is as follows.  Berryman's claims will be severed from this complaint.  Berryman's severed claims will be filed as a new case, by way of a new complaint that he must file; it will be docketed with the original filing date, so as not to run afoul of the three-year statute of limitations for § 1983 claims.  See Compl. ¶ 32 (stating that the alleged incident that Berryman's claims arise from occurred in July 2022); Mich. Comp. Laws § 600.5805(2); Carroll v. Wilkerson, 782 F.2d 44 (6th Cir. 1986) (per curiam).  His portion of the filing fee already paid in this case, $230.00, will be applied to the new case.  He must file the new complaint and pay the remainder of his filing fee, $175.00, within two weeks of the date of this order.

Wright must also pay the remaining portion of the filing fee in this case.  This Court previously granted Wright's application to proceed in forma pauperis.  3/11/25 Order at PageID.176 (Dkt. 18).  As he is now the sole plaintiff in this case, he is responsible for the entire filing fee amount of $350.00.  As Wright is a prisoner, the agency having custody of Wright is ordered to forward payments of twenty percent (20%) of the preceding month's income credited

3

to Wright's account to the Clerk of this Court until Wright has paid the filing fee of $350.00. The Court will notify the agency having custody of Wright when he has paid the entire filing fee.

Failure to pay the filing fees for this or the new case will result in sanctions, including dismissal of the action in which a full fee is not paid. This order will also be docketed in Berryman's new case.

### III.    CONCLUSION

The Court adopts the R&R (Dkt. 45), overrules in part Berryman's objection (Dkt. 48), and grants the MDOC Defendants' motion to sever (Dkt. 34).

**SO ORDERED.**

Dated: February 5, 2026                          s/Mark A. Goldsmith
Detroit, Michigan                                 MARK A. GOLDSMITH
                                                  United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 5, 2026.

                                                  s/Joseph Heacox
                                                  JOSEPH HEACOX
                                                  Case Manager